(164 App. Div. 30)

MUNNICH et al. v. JAFFE et al.

(Supreme Court, Appellate Division, Second Department. October 2, 1914.)

BILLS AND NOTES (§ 373*) — DEFENSES AGAINST BONA FIDE PURCHASER — FRAUD IN INCEPTION.
　　One who, induced by misrepresentations as to the character of the instrument, signed a promissory note attached to a contract, which contract stated in legible type that the installment note below was to be detached, is liable to a bona fide holder for value of the note, since, where one of two innocent persons must suffer, the loss must fall on him who reposed the confidence.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 966–970; Dec. Dig. § 373.*]

Appeal from Special Term, Orange County.
Action by Charles L. Munnich and another against Max Jaffe and others. From a judgment in favor of the plaintiff, the defendants appeal. Motion to dismiss appeal denied, and judgment reversed.
See, also, 161 App. Div. 954, 146 N. Y. Supp. 1101.
Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Otto C. Sommerich, of New York City (Maxwell C. Katz, of New York City, on the brief), for appellants Knauth, Nachod & Kuhne.
Ely Simpson, of New York City, for appellant Howard.
John Bright, of Middletown, for respondents.

PER CURIAM. Plaintiffs' motion to dismiss the appeal taken by Jaffe et al. must be denied, because the answering affidavits show that the appellants Jaffe and others have not parted with their interest, since the subsequent suit in the name of Mr. Whitman, as indorsee, is in fact being conducted for these appellants and on their behalf. This proceeding by suit in equity, and the decree appealed from, cannot be sustained.

Plaintiffs' signature, obtained by misrepresentation, as found by the trial court, was nevertheless affixed to a promissory note, which the complaint admits had before suit been discounted for value before maturity. Mr. W. H. Munnich twice signed, without reading over the contract or note. Plaintiffs wholly trusted to what was said to be the tenor of the paper, so that the plaintiffs allege that they, "without further examination of said contract and note, signed the same." A perusal would have shown that the second signature was to a separable promissory note. The printing, "the installment note below is to be detached by Thos. Howard Co.," though smaller than some of the display printing, nevertheless was quite legible, being in what printers call heavy faced "8 point" type.

In New York it is settled that one who signs such negotiable paper without reading it, when he can read and has opportunity to do so, though he supposes it is something entirely different, such as an order for goods, cannot set up his own omission against one who has become a bona fide holder. Chapman v. Rose, 56 N. Y. 137, 15 Am. Rep. 401; National Exchange Bank v. Veneman, 43 Hun, 241, 244; 1 Daniel on Neg. Inst. (4th Ed.) § 850.

It is an illustration of the policy to protect negotiable instruments, under the rule that, where one of two innocent persons must suffer, the loss must fall on him who reposed the confidence. See Page v. Krekey, 137 N. Y. 307, 313, 33 N. E. 311, 21 L. R. A. 409, 33 Am. St. Rep. 721. Hence this complaint did not state a cause of action of equitable cognizance.

It therefore follows that the judgment should be reversed, and the complaint dismissed, but, in the peculiar circumstances, without costs, except the appellants' taxable disbursements.