COMMERCIAL CREDIT CORPORATION, Plaintiff, *v.* JAMES J. SMITH and Another, Defendants.

City Court of Buffalo, April, 1932.

*Buecking & Sengbusch*, for the plaintiff.

*George H. Kennedy*, for the defendants.

HAGER, J. The plaintiff sues to recover on a promissory note. The facts disclosed that the defendants signed the note in question, which was introduced in evidence, at the request of Schier, and at the same time signed a contract, also in evidence.

The defendants contend that when the contract was signed it was not filled in as it now appears; that the written portion was in blank; that Schier practiced fraud upon them in obtaining their signatures on the contract; that when the defendants signed the note and contract they were not separated, but were on one sheet, with perforations between the two papers; that, therefore, the note and contract must be construed as one instrument.

I cannot agree with the defendants' contention. The plaintiff is suing on the note, and is unquestionably a purchaser and holder of the note in due course, as the evidence clearly establishes. The testimony shows that Schier had been doing business with the plaintiff, and brought the note and contract to the plaintiff; that the plaintiff paid $641 for the note, after investigation had been made as to the financial standing of the defendants. In *Munnich* v. *Jaffe* (1C4 App. Div. 30) it was held, where one who signs such negotiable paper without reading it, when he can read, and opportunity to do so is furnished, though he supposes it is something entirely different, such as an order for goods, cannot set up his own omission against one who has become a *bona fide* holder.

In *Chapman* v. *Rose* (56 N. Y. 137) it was held that where one having the opportunity and the power to ascertain with certainty the exact obligation he is assuming, yet chooses to rely upon the statements of the person with whom he is dealing, and executes a negotiable instrument without reading or examination, as against a *bona fide* holder for value, he is bound by his act, etc.

It is better that the defendants and others who so carelessly affix their names to papers, the contents of which are unknown to them, should suffer from the fraud their recklessness invites, than that the character of commercial paper should be impaired and the business of the country thus interfered with and unsettled.

Judgment in favor of plaintiff and against the defendant James J. Smith.